UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 22-40478

SOTERO MONTELLANO LOPEZ, III, *pro se*,  Chapter 7

        Debtor.  Judge Thomas J. Tucker

_____/

**OPINION AND ORDER DENYING THE DEBTOR'S MOTION TO SEAL
BANKRUPTCY RECORDS AND FOR CERTAIN OTHER RELIEF,
BUT WAIVING ANY FILING FEE FOR THE MOTION TO REOPEN**

      This case is before the Court on the Debtor's motion, entitled "[Motion] For Sealing Bankruptcy Records, Issuance of Damages and Redress of Unjust Enrichment," filed on January 15, 2025 (Docket # 21, the "Motion").[1] The Motion was filed more than two and one half years after the Debtor received a discharge on April 26, 2022, and after this case was closed on May 4, 2022. The Court construes the Motion as a motion to reopen this case. And the Motion seeks substantive relief in the form of "an **order sealing the bankruptcy case records**, and providing a **forensic audit** and **release of bonds** related to this matter," and certain other relief (Mot. at 2, 4 (emphasis in original)).

      The Court will deny the Motion because it fails to show any valid basis for granting any of the substantive relief sought by the Motion, and therefore the Motion does not show cause, or any other valid ground, to reopen this case under 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010.

---

[1] The Debtor filed this bankruptcy case on January 24, 2022, and the case was closed on May 4, 2022. During the entire time the case was open, the Debtor was represented by an attorney. But the Debtor filed the present Motion without an attorney. (*See* Docket ## 21, 22.)

Section 350(b) of the Bankruptcy Code, Federal Bankruptcy Rule 5010,[2] and Local Bankruptcy Rule 5010-1 govern motions to reopen a case. Bankruptcy Code § 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).[3] "It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). The Debtor has the burden of establishing that "cause" exists to reopen this case. *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)). Because there is no factual or legal basis for the Court to order any of the substantive relief the Debtor is seeking in the Motion, no legitimate purpose would be served by reopening the case. Therefore, there is no cause to reopen the case.

On the present record, the Court cannot grant any of the substantive relief sought by the Motion. First and foremost, the Court cannot grant the Debtor's request to seal all the records of this bankruptcy case. Such relief is clearly impermissible, for the following reasons.

There is a strong presumption that documents filed in the federal courts, including bankruptcy courts, are to be available to the public. As the United States Court of Appeals for the Sixth Circuit has explained:

> The courts have long recognized . . . a "strong presumption in favor of openness" as to court records. *Brown & Williamson* [*Tobacco Corp. v. F.T.C.*], 710 F.2d [1165,] 1179 [6th Cir. 1983].

---

[2] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

[3] Local Bankruptcy Rule 5010-1(a) states: "A motion to reopen a closed bankruptcy case may be filed *ex parte*." LBR 5010-1(a) (E.D. Mich.).

2

The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). **The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records."** *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *See Brown & Williamson*, 710 F.2d at 1179. . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g., Press–Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). **The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."** *Baxter* [*Int'l, Inc. v. Abbott Labs.*, 297 F.3d [544,] 545 [(7th Cir. 2002)].

In like fashion, a district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Brown & Williamson*, 710 F.2d at 1176. That is true even if neither party objects to the motion to seal, as apparently neither did in *Brown & Williamson*. (There, our court "reach[ed] the question" of the district court's seal "on our own motion." *Id.*) As our decision there illustrates, a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it. And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal. *Id.*; *see also United States v. Kravetz*, 706 F.3d 47, 60 (1st Cir. 2013) ("Appellate courts have on several occasions emphasized that upon entering orders which inhibit the flow of information between courts and the public, district courts should articulate on the record their reasons for doing so"); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (reversing because "[w]e find no evidence in the record that the district court balanced the competing interests prior to sealing the final order").

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305–06 (6th Cir. 2016) (emphasis added).

3

The filing of a bankruptcy case, and the entry of a discharge in that case, are public events, in that the bankruptcy court may not keep them secret from the general public.

The Bankruptcy Code has codified the strong presumption of the public's right of access to papers filed in a bankruptcy case, in § 107(a) of the Bankruptcy Code, 11 U.S.C. § 107(a). Section 107 also codifies certain limited circumstances under which the bankruptcy court may restrict public access to documents filed, in 11 U.S.C. § 107(c), and even some circumstances under which the court *must* restrict the public's access to court documents upon the request of a party in interest, in 11 U.S.C. § 107(b). *See In re Thomas,* 583 B.R. 385, 390 (Bankr. E.D. Ky. 2018) (Under "Section 107 of the Bankruptcy Code[,] . . . Congress has codified a strong presumption in favor of public access to all papers filed [in bankruptcy matters, and this provision also] identifies certain narrow categories of documents that, notwithstanding the presumption, may be entitled to protection[.]"); *see also* 2 *Collier on Bankruptcy* ¶ 107.01 (16th ed. 2024) (footnote omitted). "Any limitation on the public's right of access, however, must be viewed as an extraordinary measure that is warranted only under rare circumstances." 2 *Collier on Bankruptcy* ¶ 107.03[1] (footnote omitted) (citing 6 Moore's Federal Practice, §§ 26.101–26.105 (Matthew Bender 3d ed.)).

Section 107 of the Bankruptcy Code is entitled "Public access to papers," and states, in pertinent part:

> (a) Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court

4

> may--
>
>> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>>
>> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
>
> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
>> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>>
>> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107.

The Motion does not allege that any exceptions to the § 107(a) rule of public access apply. The Motion does not seek to protect any alleged trade secret or confidential research, development, or commercial information of the Debtor. Nor does the Motion identify, or seek to protect the Debtor from, any scandalous or defamatory matter contained in a paper filed in the Debtor's bankruptcy case. Nor does the Motion show that the disclosure of any particular "means of identification" contained in the Court's records of this case "would create undue risk of identity theft or other unlawful injury to" the Debtor or the Debtor's property, within the meaning of 11 U.S.C. § 107(c)(1). Therefore, the Debtor has not met his heavy burden of showing any of the limited circumstances apply that would permit the Court to seal any documents in this bankruptcy case.

The Motion also fails to allege any compelling reason for the Court to seal any of the documents filed in the Debtor's bankruptcy case, which could overcome the general rule that the public has a "right under common law to inspect and copy public documents, including judicial records." *See* 2 *Collier on Bankruptcy* at ¶ 107.02.  The right of the pubic to access court records is itself a compelling interest.

> As the Supreme Court recognized in *Nixon v. Warner Communications, Inc.*, [435 U.S. 589, 597-98 (1978),] the basis for this right to access is not a proprietary interest in the information but, rather, the public's interest in monitoring the workings of the judicial system.  The existence of such rights has been called "fundamental to a democratic state."

2 *Collier on Bankruptcy* at ¶ 107.02 (footnotes omitted) (citations omitted).

The Debtor's Motion also must be denied because it does not allege any concrete, particularized injury or invasion of any legally protected interest that the Debtor has actually personally suffered, or that the Debtor will personally imminently suffer, if the Debtor's bankruptcy records are not sealed.  *See generally Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) (discussing the requirements of Article III standing).

The Debtor complains in his Motion that he "was denied a mortgage and first-time homebuyer assistance due to the public bankruptcy record, leading to financial and emotional distress."  (Mot. at 3 ¶ 2 ("**Impact on Livelihood and Safety**.")  But the Debtor has no legally protected right to obtain a mortgage loan or any first-time homebuyer assistance, or to obtain any other credit or benefits, *while keeping his bankruptcy case a secret*.  The Debtor voluntarily filed this bankruptcy case and obtained the significant benefit of the discharge of his pre-petition debts.  Those historical events may not be kept secret from the public.

The Motion must be denied for the following additional reasons:

- Fed. R. Bankr. P. 5003, cited by the Debtor, does not support any of the Debtor's requested relief;

- The Motion cites "Local Rule 5003-1" but there is no such local rule in this district;

- The Motion does not allege that there were any papers filed in this case that violated the redaction requirements of Fed. R. Bankr. P. 9037(a);[4]

- The Motion does not allege or demonstrate that there is "cause" for any protective order under Fed. R. Bankr. P. 9037(c); and

- None of the constitutional provisions, cases, federal or state statutes, or common law cited by the Motion supports granting any of the relief requested by the Motion.

Finally, to the extent the Motion seeks relief other than the sealing of records in this bankruptcy case, no such relief can be granted. To the extent the Motion alleges that the Debtor has been harmed in any way by the public availability of any paper(s) filed in this bankruptcy

---

[4] Rule 9037(a) states:

> **(a) Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual other than the debtor known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of a social-security and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

Fed. R. Bankr. P. 9037(a). There does not appear to be any paper filed by the Debtor in this case that violates Rule 9037(a). But if there is, the Debtor has waived any protection of Rule 9037(a). *See* Fed. R. Bankr. P. 9037(g) ("An entity waives the protection of (a) for the entity's own information by filing it without redaction and not under seal.").

case, the Motion is insufficient, because it fails to allege, with the necessary particularity, any of the following: (a) what specific paper(s) caused such harm; (b) what specific harm was caused by such paper(s); (c) what specific relief is justified to remedy that specific harm; (d) what specific legal basis there is for granting such specific relief.

This is true with respect to each of the four numbered types of injury listed on the third page of the Motion, under the heading "Factual Background." There the Debtor alleges:

1. **Identity Theft and Financial Exploitation**

    - The debtor's financial and personal information has been exposed, resulting in identity theft, fraud, and harassment. Public dissemination of sensitive data has amplified these risks.

2. **Impact on Livelihood and Safety**

    - The debtor was denied a mortgage and first-time homebuyer assistance due to the public bankruptcy record, leading to financial and emotional distress.

3. **Systemic Flaws in Public Data Handling**

    - Vendors, creditors, and third-party entities have profited from the unauthorized use of the debtor's bankruptcy information without accountability or oversight.

4. **Innovative Legal Argument for Monetary Compensation**

    - Bonds, securities, and financial instruments linked to the debtor's bankruptcy proceedings have likely been monetized, constituting unjust enrichment.

(Mot. at 3) (bold in original).

With the exception of item number 2, which is discussed above, the vagueness of these allegations of harm make the harm appear to be merely speculative, and as to item number 4, the allegation is expressly speculative. And none of these allegations are sufficient to permit any

8

relief.

For example, the Motion fails to state any specifics about any alleged "identity theft" — such as how this identity theft manifested itself, when it occurred, how any paper filed in this bankruptcy case enabled or caused such identity theft, or how the Debtor was harmed by it.

Similarly, the Motion fails to allege who committed any alleged "fraud" or "harassment" against the Debtor, when it occurred, how any paper filed in this bankruptcy case caused or enabled such fraud or harassment, or how the Debtor was harmed by it.[5]

Next, the Motion does not allege any specifics to support the allegation that "[v]endors, creditors, and third-party entities have profited from the unauthorized use of the debtor's bankruptcy information" — such as who profited, how they profited, how any paper filed in this bankruptcy case caused or enabled such profiting, or how the Debtor was harmed by it.

Finally, the Motion fails to allege any specifics regarding the allegation that "[b]onds, securities, and financial instruments linked to the debtor's bankruptcy proceedings have likely been monetized, constituting unjust enrichment" — such as what "bonds, securities," and/or "financial instruments" have been "monetized," what the Debtor means by "monetized," how any financial instruments have been monetized, who monetized them, how any paper filed in this bankruptcy case caused or enabled such monetization, or how the Debtor was harmed by it. And the Debtor does not appear to actually even know of any such monetization, since the Motion states only that such financial instruments "have **likely** been monetized . . . ." (emphasis added).

---

[5] The Court notes that provisions in § 525 of the Bankruptcy Code, 11 U.S.C. §§ 525(a) and 525(b), prohibit certain forms of discrimination by governmental units and by private employers, "solely because" the bankruptcy debtor has been a debtor in a bankruptcy case or has not paid a dischargeable or discharged debt. But the Motion does not allege that any discrimination covered by § 525 has taken place.

In addition to all of these problems, the Motion fails to allege or show any valid legal basis for this bankruptcy court to grant any relief for the Debtor for any of the alleged harms.

For all of the reasons stated above, the Motion must be denied.

Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 21) is denied.

2. Any filing fee for the motion to reopen this case is waived.

**Signed on January 21, 2025**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**