UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                  Case No. 22-40478

SOTERO MONTELLANO LOPEZ, III,                Chapter 7
*pro se,*
                                                                        Judge Thomas J. Tucker
            Debtor.
_____/

**ORDER DENYING DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE**

      On January 24, 2022, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. On April 26, 2022, the Court entered an order granting the Debtor a discharge under 11 U.S.C. § 727 (Docket # 18), and the bankruptcy case was closed on May 4, 2022. This case is now before the Court on the Debtor's motion entitled "Motion to Reopen Chapter 7 Case and Request for Waiver of Reopening Fee and for Leave to File Further Motions" (Docket # 26, the "Motion"). The Motion was filed on October 10, 2025, almost three and one-half years after the case was closed. The Motion seeks to reopen this case so that the Debtor can file further motions (*see* Mot. at 3 ¶¶ VI.1-VI.2) and "to permit investigation and corrections of the record" (Mot. at 1 ¶ 5), and the Motion seeks a waiver of the filing fee for the motion to reopen. Although the Debtor was represented by an attorney in this closed bankruptcy case, the Debtor has filed the Motion without an attorney.

      The Court will deny the Motion, for the reasons stated below.

      The Motion states, in relevant part:

1. Petitioner filed this Chapter 7 case in 2022 and received a discharge on **April 26, 2022 (Doc. 18)**

2. A that time, Petitioner was unaware of his fiduciary and creditor standing arising from his trust and related instruments and was therefore **incompetent to material financial facts** and unable to assert his full rights.

3. After discharge, Petitioner discovered new documentation showing that certain listed creditors **failed to validate their claims** as required by **15 U.S.C. § 1692g(b)** and may have **converted or monetized** Petitioner's personal identifiers, instruments, or data for profit.

    4. These facts constitute **newly discovered evidence** and potential **fraud or misrepresentation** under **Fed. R. Civ. P. 60(b)(2) and (3)** (incorporated by **Bankr. R. 9024**).

    5. Petitioner seeks reopening solely to permit investigation and corrections of the record, **no new distribution of assets or relitigation of dischargeable debts** is requested at this time.

(Mot. at 2 ¶¶ III.1-III.5 (bold in original).)

    The Court must deny the Motion because the Motion is very vague and mostly unintelligible,[1] and because the Motion does not demonstrate cause or any valid reason to reopen the case, nor does the Motion demonstrate any need for any relief for the Debtor in this bankruptcy case. *See* 11 U.S.C. § 350(b). And the Motion does not demonstrate cause to waive the $260.00 filing fee for the motion to reopen.

    In addition, the Court notes the following.

    1. There is no need to reopen this case in order for the Debtor to list any creditors in addition to the ones listed in the Debtor's schedules previously filed, because this was a no-asset Chapter 7 case. As a result, with respect to any creditors, including creditors not listed in the Debtor's schedules, and including any assignees or successors in interest of creditors, any debts that arose before the bankruptcy petition was filed have been discharged. *See In re Madaj*, 149 F.3d 467 (6th Cir. 1998). And because this was a no-asset case, creditors were not required to file a proof of claim, and none did.[2]

    2. The Motion does not allege that any particular creditor or any other person or entity has done any specific thing that violated the discharge injunction of 11 U.S.C. § 524(a). Unless the Debtor alleges specific actions by one or more specific parties that would be a violation of the discharge injunction, any actions taken by creditors or any other person or entity do not create any valid basis for this Court to reopen this bankruptcy case.

---

    [1] An example of this is the Motion's allegation, quoted above, that "certain listed creditors . . . may have **converted or monetized** Petitioner's personal identifiers, instruments, or data for profit." (Bold in original). Another example of this is the Motion's reference to "potential undisclosed assets generated by creditor securitizations." (Mot. at 2).

    [2] As part of this bankruptcy case, creditors were not required to "validate their claims" under the non-bankruptcy law statute cited in the Motion, 15 U.S.C. § 1692g(b). Whether any creditor was ever required to do so, outside of this bankruptcy case, and failed to do so, are issues that are not properly before this bankruptcy court. Nor is there any need to review creditor claims in this case at all, since no creditor filed a proof of claim in this case.

3. Any claims that the Debtor may have against any creditor, successor creditor, or any other person or entity, that arose after this bankruptcy case was filed, are property of the Debtor, not property of the bankruptcy estate, and the Debtor must pursue such claims, if at all, in a court other than this bankruptcy court, and in a case other than this bankruptcy case. This Court would have no jurisdiction or authority to consider any such claims.

4. If and to the extent the Motion alleges that there are claims that arose before this bankruptcy case was filed, or that there are other undisclosed assets of the bankruptcy estate that the Trustee might have been able to administer for the benefit of creditors, the Motion lacks necessary specifics, and in any event, only the bankruptcy trustee would have standing to seek to reopen the case for that purpose. The Debtor lacks any such standing.

5. The Motion does not allege any valid basis for vacating the discharge that the Debtor received in this case.

Accordingly, and for all the reasons stated above,

IT IS ORDERED that:

1. The Motion (Docket # 26) is denied, in its entirety.

2. The Debtor's request for a waiver of the $260.00 filing fee for the Motion is denied.

3. The Debtor must pay to the Clerk of this Court the $260.00 filing fee for the Motion **no later than October 28, 2025.**

4. The Debtor is barred from filing any more motions to reopen this case, and from filing any more motions of any kind in this case, unless and until the $260.00 filing fee for the Motion has first been paid.

**Signed on October 14, 2025**



/s/ Thomas J. Tucker

Thomas J. Tucker
United States Bankruptcy Judge